ESTATE OF HENRY N. BRINSMADE, DECEASED, PAUL S. BRINSMADE, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 86046, 86047.   Promulgated January 24, 1939.

*Percy W. Crane, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined deficiencies in income tax as follows:

| Docket No. | Year | Amount |
|---|---|---|
| 86046 | 1932 | $1,112.46 |
| Do | 1933 | 912.34 |
| 86047 | 1934 | 2,713.57 |

The sole issue for decision by the Board is whether all of the rent from property on Fulton Street in New York City was taxable to the decedent or whether only one-half of that rent was taxable to him. The facts have been stipulated and the Board hereby adopts the stipulation as its findings of fact.

Frances N. Brinsmade died in 1928, while residing in the State of New York. She was survived by her husband, hereinafter called the taxpayer, and by their two sons, Paul S. and James B. Brinsmade. She had no other heirs at law or next of kin. She provided in her will that the residue of her property should descend in accordance with the statutes of the State of New York in force at the time of her death governing the descent and distribution of the estates of persons dying intestate. A piece of real estate on Fulton Street in New York City was a part of the residue of her estate. The premises were then under lease to Edward E. White under a lease made by her in 1908 for a term of years beginning May 1, 1909, and ending May 1, 1930. The lessee had erected a restaurant building on the premises and the lease provided that in case the lessee was refused a renewal, he was entitled to receive from the lessor the sum of $10,000 on the termination of the lease. The lease provided for a net rental and required the tenant to pay all taxes, insurance, repairs, and costs of maintenance. The taxpayer acquired an estate by curtesy in the above mentioned premises at the time of the death

of his wife, and the two sons became seized of a vested remainder interest therein, subject only to their father's intermediate life estate.

The father, the taxpayer here, executed two separate written instruments on January 28, 1928, whereby he assigned to each of his two sons "one-fourth of the net rents, from and after January 31, 1928, derived from the property" on Fulton Street during the term of the life of the father. After the taxpayer made the assignments of rent to his sons, the lessee paid the rent by three separate checks. One for one-half of the rent was drawn to the order of the taxpayer; one for one-fourth of the rent was drawn to the order of each of the sons. The checks were mailed or delivered to one of the sons who distributed them to the parties entitled to them. The taxpayer and his two sons thereafter decided not to renew the lease and instead they leased the premises to the Savarins, Inc., for a term of twenty-one years beginning May 1, 1930. The lease was dated January 30, 1929, and was executed by the taxpayer, his two sons, and the wives of the sons, as lessors. The former tenant assigned the unexpired portion of the first lease to the Savarins, Inc., on February 21, 1929, with the consent of the taxpayer and his two sons. The matter of the $10,000 was also adjusted by mutual consent of all parties concerned without the payment by anyone of any money.

The question arose late in 1934 or early in 1935 between the taxpayer and Government representatives as to whether the rents were still all taxable to the taxpayer, whereupon the taxpayer, in confirmation of his previous assignments to the sons, made new assignments dated February 27, 1935, whereby he granted and released to the sons an undivided one-half part in all his right, title, and interest in the plot of land, together with the improvements, and stated in that instrument that it had been his intent in the previous instrument to convey just such an undivided one-half interest to the sons.

No figures are in dispute. The Commissioner contends that there should be included in the taxpayer's taxable income for each of the years the total rent for that year, less the expenses attributable to that year and less depreciation of $2,150 for each year, whereas it is contended on behalf of the taxpayer that only one-half of the rents, less one-half of the expenses and depreciation, should be included in his income. The Commissioner's argument is that the taxpayer assigned originally less than an undivided one-half interest in that which he acquired under the will of his wife, since he assigned only a portion of the net rents, whereas he had a legal life estate in the property. The petitioner cites a number of cases to show that in New York the assignment of income is equivalent to the assignment of the property from which the income springs. He also argues that the taxpayer here obviously intended to convey to his sons one-half

of his entire interest in the property, as evidenced by the conduct of the parties, by the confirmatory assignment, and by the testimony of the attorney who drew all of the assignments. Cf. *Yolande V. Perkins*, 38 B. T. A. 189.

The petitioner relies principally upon *Lowery* v. *Helvering*, 70 Fed. (2d) 713, reversing 27 B. T. A. 137. That was a decision of the United States Circuit Court of Appeals for the Second Circuit. Judge Learned Hand, in the opinion in that case, reviewed some of the authorities, including a number of the cases cited by the respondent here, dealing with the taxation of income after assignments thereof. The same arguments were presented there that are presented here. The taxpayer in that case had received a legal life estate in personal property under the will of her husband. Although she had not taken possession of the property, nevertheless, the court assumed that she had a right to possession. The argument that "the deed of gift conveyed less than the whole complex of her rights; she transferred only the income and omitted the right to possession" was considered. The court said it was not to be supposed that she meant to continue her right of possession after parting with the substance of the bequest. Although the court recognized some conflict in the cases, it held that the income was not taxable to the assignor. The Government did not apply for certiorari in that case. The present case is not distinguishable, and upon authority of the *Lowery* case we hold for the petitioner. Cf. *Blair* v. *Commissioner*, 300 U. S. 5; *Byrnes* v. *Commissioner*, 89 Fed. (2d) 243; *Ellen S. Booth*, 36 B. T. A. 141.

Reviewed by the Board.

*Decision will be entered under Rule 50.*